UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THE ANNUITY, PENSION, WELFARE and
TRAINING FUNDS of the INTERNATIONAL
UNION of OPERATING ENGINEERS LOCAL
14-14B, AFL-CIO by its TRUSTEES EDWIN L.
CHRISTIAN, CHRIS CONFREY, JOHN
CRONIN, DON DENARDO, RENZO
COLLAVINO, DANIEL NOESGES, DENISE M.
RICHARDSON, and JOHN F. O'HARE,

**MEMORANDUM AND ORDER**
Case No. 11-CV-973 (FB)

        Plaintiffs,

-against-

CENTRAL ENTERPRISES, INC.,

        Defendant.
----------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
JAMES M. STEINBERG, ESQ.
Brady McGuire & Steinberg, P.C.
303 South Broadway, Suite 234
Tarrytown, NY 10591

*For the Defendant:*
EDWARD B. SAFRAN, ESQ.
88 Pine Street, 7th Floor
New York, NY 10005

**BLOCK, Senior District Judge:**

        Plaintiffs are the Annuity, Pension, Welfare, and Training Funds of the International Union of Operating Engineers Local 14-14B ("the Local 14 Trust Funds"). On March 1, 2011, the Local 14 Trust Funds filed suit against Central Enterprises, Inc. ("Central Enterprises"), alleging that Central Enterprises violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by failing to make required contributions

1

to employee benefit plans. Plaintiffs seek to recover the unpaid contributions, as well as interest, statutory damages, attorneys' fees, and costs. Presently before the Court is plaintiffs' motion for summary judgment, which defendant has not opposed. For the reasons set forth below, plaintiffs' motion is granted.

I.

Because plaintiffs' motion is unopposed, the Court considers the following facts, proffered by plaintiffs and supported by documentary evidence, to be undisputed for purposes of this motion. *See* FED. R. CIV. P. 56(e)(2) (authorizing district courts to consider unopposed facts undisputed); *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004) (noting that the non-movant's failure "allow[s] the district court to accept the movant's factual assertions as true," provided that the court is "satisfied that the citation to evidence in the record supports the assertion"); *see also* LOCAL R. CIV. P. 56.1(c) (directing district courts to admit facts contained in the Rule 56.1 Statement of Material Facts "unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party").

The International Union of Operating Engineers Local 14-14B, AFL-CIO ("Local 14") entered into a collective bargaining agreement ("CBA") with defendant Central Enterprises, which has been in effect since April 16, 1996. *See* James M. Steinberg Aff., Ex. C (CBA); *see also* Steinberg Aff. at 2; Pl's. 56.1 Stmnt ¶ 1.[1] The president and vice-

---

[1] Citations to "Pl's. 56.1 Stmnt" refer to the Rule 56.1 Statement of Material Facts, dated March 16, 2012, which was submitted by plaintiffs in support of their motion for

president of Central Enterprises signed the CBA. *See* Ex. C at 2. Defendant agreed to remit contributions to the Local 14 Trust Funds and agreed to be bound to the Trust Agreements, which established these trust funds. *See id*; Pl's. 56.1 Stmnt ¶¶ 2-4. Pursuant to the Trust Agreements, contributing employers must remit all fringe benefit contributions according to the procedures established by the Local 14 Trust Funds. *See* Pl's. 56.1 Stmnt ¶ 4; Steinberg Aff., Ex. D (Sample Local 14 Trust Agreement)[2]; Steinberg Aff. at 2.

Plaintiffs contend that, from March 1, 2008, through February 28, 2009, defendant employed Local 14 members but failed to pay required fringe benefit contributions. After defendant consented to an audit, plaintiffs' audit representative reviewed defendant's payroll records and calculated a deficiency of $8,870.71, representing unpaid contributions and interest. *See* Steinberg Aff., Ex. E (Audit); *see also* Pl's. 56.1 Stmnt ¶ 5; Marlene Monterroso Aff. at 2; Steinberg Aff. at 2-3. The audit reviewed the three-year period of July 1, 2007, through February 28, 2010, which encompasses the year-long period of the alleged deficiency. *See* Monterroso Aff. at 2. Defendant has not paid any portion of this deficiency. *See* Pl's. 56.1 Stmnt ¶ 6; Edwin L. Christian Aff. at 2; Monterroso Aff. at 3.

After plaintiffs filed their complaint, defendant submitted an answer with cursory denials of plaintiffs' allegations. *See* Steinberg Aff., Ex. A (Complaint), Ex. B

---

summary judgment.

[2] Due to the voluminous nature of the Trust Agreements, plaintiffs have provided the Court with a representative copy of the agreement and have advised the Court that the relevant provisions of each Trust Agreement (i.e., those relating to the collection of benefits and the damages for a delinquency) are identical. *See* Steinberg Aff. at 2.

(Answer).  Although the parties engaged in settlement discussions, they were unable to reach an agreement.  On January 20, 2012, defense counsel informed plaintiffs that Central Enterprises did not agree to the proposed settlement and that counsel was ending its representation.  However, defense counsel did not move to be relieved, nor did he appear at a March 8, 2012 proceeding.  Plaintiffs then moved for summary judgment.  The Court stated that it would deem plaintiffs' motion to be unopposed if defendant did not file opposition papers by April 20, 2012.  In a letter dated March 20, 2012, defendant's new counsel informed plaintiffs' counsel that Central Enterprises "has no assets with which to pay legal fees . . . or to pay a settlement or a judgment" and "[a]ccordingly, it will not oppose the summary judgment."

## II.

**A.  Standard Governing Unopposed Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The district court must review all evidence in the light most favorable to the non-movant, *see Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all inferences in favor of the non-moving party," *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001).  To defeat a "properly

supported" motion for summary judgment, the non-movant "must come forward with affidavits, depositions, or other sworn evidence as permitted by Fed.R.Civ.P. 56, setting forth specific facts showing that there exists a genuine issue of material fact." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

Even when, as here, a motion for summary judgment is unopposed, the Second Circuit has made clear that "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). If the evidence submitted is insufficient to meet the moving party's burden of production, see FED. R. CIV. P. 56(c), then "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (internal quotation marks omitted); *see also Vt. Teddy Bear*, 373 F.3d at 242 ("Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles."). The undisputed facts must show that the moving party is entitled to judgment as a matter of law. *See Vt. Teddy Bear*, 373 F.3d at 244; *see also* FED. R. CIV. P. 56(e)(3) (authorizing a court to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it" in cases where a party fails to address or support another party's factual assertions).

**B. Merits of Plaintiffs' ERISA Claim**

Plaintiffs assert that there are no material issues of fact in dispute that prevent the Court from granting judgment on plaintiffs' claim that defendant failed to pay required

contributions for the period between March 1, 2008, and February 28, 2009.

Pursuant to Section 515 of ERISA:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145; *see also DeVito v. Hempstead China Shop, Inc.*, 38 F.3d 651, 651 (2d Cir. 1994).

The undisputed facts before this Court demonstrate that, pursuant to the CBA, defendant was required to remit fringe benefit contributions to plaintiffs through the purchase of fringe benefit stamps for employees who perform work that falls under the jurisdiction of Local 14. *See* Ex. C at 2; Ex. D; *see also* Christian Aff. at 1-2; Pl's. 56.1 Stmnt ¶¶ 1-4. Because the work was performed, the contributions became due and owing to plaintiffs.

The audit report obtained by plaintiffs revealed that defendant was delinquent in the amount of $8,870.71, representing $7,920.10 in fringe benefit contributions owed for the audit period and $950.52 in interest owed through the date of the audit. *See* Ex. E; Steinberg Aff. at 2-3; Monterroso Aff. at 2-3; *see also* Ex. F (Local 14 Wage Scale); Christian Aff. at 1-2; Pl's. 56.1 Stmnt ¶ 5.[3] The audit report lists four employee names, employee hours, and redeemed employee hours for the relevant period. Ex. E. Other than

---

[3] It is appropriate for the Court to "rely on an audit or an auditor's opinion to prove that defendant employers did not make required contributions to funds." *Duffy v. Beaver Site, Inc.*, No. 07-CV-753, 2011 WL 43258, at * 4 (E.D.N.Y. Jan. 6, 2011) (quoting *Hanley v. Orient Beach Club, Inc.*, No. 96-CIV-4478, 1998 WL 65990, at *5 (S.D.N.Y. Feb. 18, 1998)).

the cursory, unsubstantiated denials that defendant provided in its answer to plaintiffs' complaint, *see* Ex. B, defendant has not challenged the accuracy of the audit or the validity of plaintiffs' claims. Defendant's general denial in its answer, unsupported by details or evidence, cannot defeat plaintiffs' motion for summary judgment. *See Rule*, 85 F.3d at 1011; *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 52 (2d Cir. 1993) (noting that, in a case involving a failure to pay contributions pursuant to a CBA, plaintiff's submission of an "affidavit and accounting report at least shifted to the defense the burden of making a sufficient answer to show what material questions remained for trial").[4]

Thus, in the absence of any proof from defendant that it does not owe these contributions, plaintiffs are entitled to payment. *See Duffy*, 2011 WL 43258; *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Angel Const. Grp.*, No. 08-CV-1672, 2010 WL 3463181, at *4 (E.D.N.Y. June 15, 2010) (finding plaintiffs' records, including an audit report, submitted in support of their unopposed motion for summary judgment demonstrated that defendant failed to comply with its obligations under ERISA and the CBA). The Court is "satisfied that the citation to evidence in the record supports the

---

[4]The Second Circuit has recognized that the only defenses available to a defendant in this type of ERISA action are: (1) that the "contributions themselves are illegal," and (2) "that the collective bargaining agreement is void (not merely voidable)." *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. 1990). Neither defense is available in the present case. First, as noted above, the obligation to remit contributions arose lawfully from the CBA and from work performed by defendant's employees who are members of Local 14. Second, documentary evidence demonstrates that the CBA is currently in effect, was in effect during the period of the deficiency, and is not void. *See* Ex. C (CBA); Christian Aff. at 1-2; Steinberg Aff. at 2.

assertion[s]" alleged by plaintiffs.  *Vt. Teddy Bear*, 373 F.3d at 244.  Accordingly, the Court finds that plaintiffs have met their burden of proving that defendant violated Section 515 of ERISA and portions of the CBA.

**C.  Damages**

Having concluded that plaintiffs are entitled to summary judgment, the Court now turns to the issue of damages.  Just as with liability, plaintiffs bear the burden of establishing their entitlement to damages even though defendant has not opposed their motion.  *See Cement & Concrete Workers Dist. Council Welfare Fund*, 2010 WL 3463181, at *6 ("Although defendants have failed to respond to plaintiffs' motion for summary judgment, the burden is still on plaintiffs to establish their entitlement to damages." (citing *Lupien v. Citizens Utils. Co.*, 159 F.3d 102, 107 (2d Cir. 1998))); *cf. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.").  Claims for damages must generally "be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.3d at 158.  Even in cases involving default judgments, a district court must review the supporting evidence by conducting an evidentiary hearing or by reviewing detailed affidavits and documentary evidence in order to ensure that there is a basis for the damages sought.  *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok v. ContiCommodity Servs.*, 873 F.2d 38, 40 (2d Cir. 1989).

8

Because plaintiffs have established a violation of § 1145, they are entitled to the following remedies:

>(A) the unpaid contributions,
>
>(B) interest on the unpaid contributions,
>
>(C) an amount equal to the greater of--
>
>>(i) interest on the unpaid contributions, or
>>
>>(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." *Id.*

Plaintiffs seek relief in the amount of $17,070.00, representing the amount of unpaid contributions, interest, statutory damages, attorneys' fees, and costs. *See* Steinberg Aff. at 4-5. The Court finds that plaintiffs have filed sufficient records to support their claim for damages, including the audit report and a Statement of Damages, to which defendant has chosen not to respond. *See* Ex. D at Section 4.7(2) (establishing an interest rate of 6.0%); Ex. E (audit); Ex. F (Local 14 Wage Scale); Steinberg Aff., Ex. G (attorneys' invoice); Monterroso Aff. at 1-3; Steinberg Aff. at 2-7. The Clerk of Court is accordingly

directed to enter judgment in the amount of $17,624.64, representing (1) $7.920.19 in delinquent contributions, (2) $1,904.85 in prejudgment interest on the delinquent contributions (through the date of this Memorandum and Order), (3) $1,904.85 in statutory damages,[5] (4) $5,309.75 in attorneys' fees, and (5) $585.00 in costs.[6]  Interest on the judgment amount shall further accrue as provided for by 28 U.S.C. § 1961.  *See Schipani v. McLeod*, 541 F.3d 158, 164–65 (2d Cir.2008).

### III.

For the foregoing reasons, plaintiffs' motion for summary judgment is granted and relief is awarded in the amount of $17,624.64.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
October 15, 2012

---

[5]Because the Trust Agreements do not provide for a liquidated damages calculation, plaintiffs are entitled to an amount equal to the interest as statutory damages.  *See* 29 U.S.C. § 1132(g)(2)(C).

[6]The relief awarded is greater than the relief requested in plaintiffs' motion for summary judgment because the Court has taken into account interest that has accrued since the date of plaintiffs' motion.